[Civ. No. 8047.   Third Dist.   June 23, 1951.]

CACHEVILLE ELEMENTARY SCHOOL DISTRICT et al., Petitioners, v. C. L. HIDDLESON, as County Clerk, etc., Respondent.

E. L. Means, District Attorney (Yolo County), and James F. Roach, Deputy District Attorney, for Petitioners.

C. L. Hiddleson, in pro. per., for Respondent.

PEEK, J.— This is a proceeding in mandamus by which the petitioners, the Cacheville Elementary School District, the board of trustees thereof, and the Board of Supervisors of the County of Yolo, seek to compel respondent Hiddleson as county clerk and ex-officio clerk of the board of supervisors to countersign certain school bonds.

Pursuant to the provisions of chapter 17, division 3, of the Education Code, the board of trustees, on January 30, 1951, by resolution, called a school bond election to be held March 2, 1951.  Said resolution provided that the notice to the electors should state, among other things, as follows:

"The said bonds hereby proposed to be issued and sold will be Thirty-Eight Thousand Dollars ($38,000.00) in aggregate principal amount, numbered consecutively from one (1) to and including Thirty Eight (38), of the denomination of One Thousand Dollars ($1,000.00) each and will bear interest at

the rate of not to exceed five per cent (5%) per annum, which interest shall be payable annually for the first year said bonds are to run and semi-annually thereafter, and shall mature as follows, to-wit:

"One Thousand Dollars ($1,000.00) of said bonds shall mature in each of the years from and including 1952 to and including 1964, and Two Thousand Dollars ($2,000.00) of said bonds shall mature in each of the years from and including 1965 to and including 1978."

A notice containing the above language was posted within the district and was published in a newspaper of general circulation in the district once each calendar week for four successive weeks. The ballot for election, which was held on March 2, 1951, designated said proposal as Proposition 1 and stated: "Shall the . . . District . . . incur a bonded indebtedness in the sum of $38,000.00" for the purposes therein set forth. One hundred and eight votes were cast, 73 in favor of the proposition and 35 opposed. Thereafter the trustees of the district certified said proceeding to the board of supervisors of said county. Upon discovery of the error in the original resolution and notice of election, wherein it was stated that the bonds were to run for 27 rather than 25 years, the said board, on May 15, 1951, resolved and ordered that the bonds to mature in the years 1977-78, as provided in the resolution of the trustees and the notice of election, not be issued, but rather that bonds be issued in the aggregate sum of $37,000. Because of the irregularity above mentioned, the respondent Hiddleson has refused to countersign the bonds which have been issued pursuant to the proceedings above described. Petitioners, by mandamus, now seek to compel the respondent to so countersign the bonds. The sole question presented is whether the clerical errors and irregularities in the proceedings served to invalidate the bonds so authorized to be issued.

The notice of election, as provided in the resolution of the trustees of the district, while stating that the aggregate principal amount of the bonds would be $38,000, incorrectly computed the number of bonds to be 41 and prescribed that said bonds mature over a period of 27 years. There can be no question but that the error, which was not discovered until after the election had been held, was clerical. However, the mistake technically violated section 7403(g) of the Education Code which provides that the notice of election must contain:

"The number of years, not exceeding 25, the whole or any part of the bonds are to run."

Subsequently, the board of supervisors, by resolution, ordered that four of the bonds described in the notice of election not be issued. While section 7461 of the Education Code empowers the board of supervisors to fix the time when the bonds shall be payable, under section 7407, the supervisors must issue bonds of the school district in accordance with the election proceedings. However, section 7463 of the Education Code provides as follows: "No error, irregularity, or omission which does not affect the substantial rights of the taxpayers within the district or the electors voting at any election at which bonds of any district are authorized to be issued shall invalidate the election or any bonds authorized."

It therefore appears that the action of the board correcting the palpable error in the election proceedings, achieved an end result which gave substantial effect to the intention of the electors and hence comes squarely within the provisions of said section 7463.

Essentially the same question is involved in *Board of Supervisors* v. *Rechenmacher, post,* p. 39 [232 P.2d 514], where the notice of election contained an error as to the aggregate principal amount of the bonds and the table of maturities therefor. For reasons more fully stated in that decision, we conclude that the irregularities here involved likewise did "not affect the substantial rights of the taxpayers within the district."

Let the writ issue.

Adams, P. J., and Van Dyke, J., concurred.